# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EMBER MADSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:02CV01835 ERW |
| ) | |
| AMERICAN HOME PRODUCTS ) | |
| CORPORATION, et al. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Remand [doc. #51]. The Court heard arguments on the Motion during a hearing which took place on February 9, 2007.

Plaintiff moves the Court to remand this action to the Circuit Court for the City of St. Louis, Missouri. In support of her Motion, Plaintiff claims that complete diversity between the parties did not exist when the Petition was filed because both Plaintiff and Defendant Wyeth-Ayerst Laboratories Company ("WALCo") were citizens of the Commonwealth of Pennsylvania.[1]

In opposing the Motion, Defendant states that the citizenship of AHP Subsidiary Holding Corporation ("AHPSHC") is controlling because WALCo merged into AHPSHC and ceased to exist as a separate entity on June 30, 2001, prior to the date Plaintiff filed her Petition. Defendant claims that AHPSHC is a citizen of Delaware and, therefore, complete diversity did exist between the parties.

In response, Plaintiff argues that even if Defendant can establish that WALCo merged into

---

[1] In the hearing on Plaintiff's Motion, counsel stated that he first became aware that Plaintiff relocated from Iowa to Pennsylvania prior to the filing of the Petition in state court, during his preparation for the trial in this matter.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

AHPSHC and ceased to exist as a separate entity, Defendant has not presented sufficient evidence to overcome the presumption that the merger was effected not for a legitimate business purpose, but to create diversity jurisdiction in the anticipated intermediate opt-out lawsuits[2], in violation of 28 U.S.C. §1359.

Plaintiff states that she needs to conduct discovery to determine whether the merger between WALCo and AHPSHC was effected for a legitimate business purpose. After reviewing the record, the Court is persuaded that there is insufficient evidence to resolve this issue. Defendant has the burden of proof on this issue. Remand is appropriate in this case, unless Defendant can meet its burden in overcoming the presumption that the merger was effected not for a legitimate business purpose, but to create diversity.

Under the provisions of 28 U.S.C. §1359, "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." Plaintiff contends that the merger between WALCo and AHPSHC was effected solely to create diversity in this action, in violation of 28 U.S.C. §1359. In order to avoid remand pursuant to §1359, Defendant must show that the merger was not the result of an "improper or collusive arrangement" to create federal jurisdiction. *See Kramer v. Carribean Mills, Inc.*, 394 U.S. 823, 828-29 (1969) (considering assignments as a means of invoking federal jurisdiction, in violation of §1359); *see also Toste Farm Corp. et al., v.*

---

[2] Following Wyeth's withdrawal of Phentermine, Fenfluramine and Dexfenfluramine from the market, numerous individual and putative class actions were filed in federal and state courts around the country. As part of a settlement agreement, class members were entitled to opt out at various stages. Those who did not opt out at the beginning were afforded opportunities to opt out "downstream" at an intermediate stage, but were precluded under the settlement agreement from pursuing punitive, exemplary, or multiple damages. *See In re: Diet Drugs Prods. Liab. Litig.*, 369 F.3d 293, 296 (3d Cir. 2004).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Hadbury, Inc., et al.*, 70 F.3d 640, 643-44 (1st Cir. 1995) (extending §1359 to mergers).

Defendant must provide evidence demonstrating a legitimate, non-pretextual reason for the merger. *See Yokeno v. Mafnas*, 973 F.2d 803, 810 (9th Cir. 1992) ("simply articulating a business reason is insufficient; the burden of proof is with the party asserting diversity to establish that the reason is legitimate and not pretexual."). The business reason must be sufficiently compelling that the merger would have been made absent the purpose of gaining a federal forum. *Id*. at 811. Relevant factors include, but are not limited to, the timing of the merger, the purpose and underlying motivation for the merger and AHPSHC's preexisting interest in this action. *See Id*. at 810.

If Defendant fails to establish a legitimate business reason for the merger, then the action must be remanded. Alternatively, if Defendant meets its burden, the citizenship of AHPSHC (Delaware) will apply to determine whether this Court has diversity jurisdiction over this action. *See* 8 Del. Code Ann Tit. 8, §259;[3] *see also Hoefferle Truck Sales, Inc., v. Divco-Wayne Corp.*, 523 F.2d 543, 549 (7th Cir. 1975) (citing *Akwell Corp v. Eiger*, 141 F. Supp. 19, 21 (S.D.N.Y. 1956) ("after a foreign corporation merges into a Delaware corporation, the surviving corporation for diversity jurisdiction is a citizen of Delaware.").

---

[3] Relevant Delaware law provides: "When any merger or consolidation shall have become effective under this chapter, for all purposes of the laws of this State the separate existence of all the constituent corporations, or of all such constituent corporations except the one into which the other or others such constituent corporations have been merged, as the case may be, shall cease and the constituent corporations shall become a new corporation or be merged into 1 of such corporations, as the case may be ...." 8 Del. Code Ann. Tit. 8, §259.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall submit evidence and supplemental briefing establishing a legitimate business reason for the merger between Wyeth-Ayerst Laboratories Company's and AHP Subsidiary Holding Corporation, no later than **February 23, 2007**. Plaintiff shall file any Response, no later than **March 2, 2007**. The Final Pretrial Conference is reset to **March 9, 2007** at **9:00 a.m.** This matter remains set on a three week docket beginning March 12, 2007 at 8:30 a.m.[4]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [doc. #51] shall be **HELD IN ABEYANCE** until the supplemental briefing outlined above is considered by the Court.

Dated this 14th day of February, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[4] The Court further notes that the parties' late filing of the Motion to Remand, in this matter, has hindered the Court's ability to rule pending motions, prior to the deadline for filing pretrial compliance.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com